IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Willard Max Imamoto, | ) | Civ. No. 09-00038 HG-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS THAT |
| vs. | ) | PLAINTIFF'S APPLICATION TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| Kahi Mohala Hospital, et al., | ) | BE DENIED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS BE DENIED

Before the Court is Plaintiff Willard Imamoto's ("Imamoto")

Application to Proceed Without Prepayment of Fees ("Application"). Having

examined the Application and underlying Complaint, the Court recommends that

Mr. Imamoto's Application be DENIED.

DISCUSSION

A court "may deny leave to proceed *in forma pauperis* at the outset if

it appears from the face of the proposed complaint that the action is frivolous or

without merit." Tipati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1369 (9th Cir.

1987) (citing Reece v. Washington, 310 F.2d 139, 140 (9th Cir 1962)). The 9th

Circuit defines a frivolous complaint as one that has "no arguable substance in law

or in fact." Id. at 1370.

Mr. Imamoto's complaint is over 20 pages long and written in a disorganized and confusing manner. The lack of clarity prevents the court from identifying any judicially cognizable claims or the relief sought. Fed. R. Civ. P. 8(a) (requiring that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought[.]") Because the claims and relief sought cannot be clearly identified, the complaint is deemed to have "no arguable substance in law or in fact." Id. Therefore, the Application should be denied.

Although this Court recommends that Mr. Imamoto's Application be denied, "*pro se* plaintiffs proceeding *in forma pauperis* 'must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Id. (citing Franklin v. Murphy, 745 F.2d 1221, 1228 n. 9 (9th Cir. 1984)). Because it is possible that Mr. Imamoto could cure the deficiencies of the complaint, his Application should be dismissed without prejudice.

## CONCLUSION

For the reasons stated above, the Court recommends that Plaintiff's

Application to Proceed without Payment of Fees be DENIED.


DATED: Honolulu, Hawaii, March 10, 2009.




       /S/ Barry M. Kurren

Barry M. Kurren

United States Magistrate Judge


Willard Max Iwamoto v. Kahi Mohala, et al., Civil No. 09-00038 HG-BMK; FINDINGS AND
RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT
PAYMENT OF FEES BE DENIED.